IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBBIE FIELDS,

                  Petitioner,

v.                                            OPINION and ORDER

GARY BOUGHTON,                        21-cv-423-jdp

                  Respondent.

---

Robbie Fields, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for first-degree reckless homicide. Fields's petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In conducting this review, I have considered the petition and its attachments, Fields's supporting brief, and the decision of the Wisconsin Court of Appeals on his direct appeal. Because these records show that Fields is not entitled to relief, I will dismiss the petition.

BACKGROUND

Fields was arrested and charged with first-degree reckless homicide after an individual was found dead from multiple gunshot wounds inside Fields's residence. Milwaukee Cty. Case. No. 2015CF1126. Three witnesses had identified Fields as the likely shooter, and two days after the shooting, Fields approached a police officer on a public street and confessed to killing someone on the date and at location of the shooting. Fields later denied that he confessed and pleaded not guilty to the charge.

The case proceeded to a jury trial, at which the state presented testimony from police investigators, the police officer to whom Fields had confessed, and three witnesses who were present at the residence where the shooting occurred. The state's evidence showed that Fields, the victim, and the three witnesses all knew each other. On the day of the shooting, Fields and the victim had a physical altercation outside of Fields's residence, and Fields displayed a gun. The victim ran into Fields's apartment and Fields followed him. The witnesses heard gunshots, and one witness saw Fields flee from the scene holding a gun. Shortly after Fields left, police arrived and found the victim dead from gunshot wounds in Fields's bedroom. Fields's bedroom door was damaged by gunshots, and shell casings were found inside and outside of the bedroom. Two days later, Fields approached a police officer on a street near the county courthouse and confessed to being involved in the shooting.

The jury found Fields guilty of first-degree reckless homicide, and the circuit court judge sentenced Fields to 25 years of prison confinement and 15 years of extended supervision.

Fields's appellate counsel filed a no-merit report with the Wisconsin Court of Appeals under Wis. Stat. § 809.32, which is Wisconsin's procedure for implementing *Anders v. California*, 386 U.S. 738 (1967). Fields responded, identifying several issues that he believed should be addressed on appeal. The Wisconsin Court of Appeals summarily affirmed the conviction, concluding that there was no arguable merit to any appealable issues. *State v. Fields*, 2018AP1800-CRNM (Wis. App. Jan. 6, 2021). Fields filed a petition for review with the Wisconsin Supreme Court which was summarily denied. He then filed a habeas petition in this court.

ANALYSIS

Fields contends that he is entitled to habeas relief on numerous grounds, which can be categorized as follows:

(1) his trial counsel was ineffective for failing to challenge the probable cause finding at the preliminary hearing; for failing to seek suppression of Fields's street confession; for failing to adequately impeach three state witnesses; and for failing to investigate the crime scene;

(2) the trial court abused its discretion by granting a continuance to the state; and

(4) the evidence was insufficient to convict him of first-degree reckless homicide.

**A. Federal habeas standard**

The first question is what standard of review applies to Fields's habeas petition. If a state court has adjudicated the merits of a habeas claim, a federal court may grant habeas relief only if the state court's decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §§ 2254(d)(1)–(2); *Czech v. Melvin*, 904 F.3d 570, 573 (7th Cir. 2018). This standard applies even if the state court provided no explanation for its rejection of a particular claim. *Harrington v. Richter*, 562 U.S. 86, 98 (2011) ("§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").

In this instance, the Wisconsin Court of Appeals accepted appellate counsel's no-merit report and affirmed Fields's conviction. The court addressed some, but not all, of the arguments that Fields raised in his no-merit response briefs. The court stated that any issue not discussed was "rejected due to lack of arguable merit based on counsel's no-merit reports, the record and

3

Fields's responses." *Fields*, 2018AP1800-CRNM, at *3, n.1. So the court's decision constitutes a decision on the merits of his appeal, and it is entitled to deference under § 2254(d). *Richter*, 562 U.S. at 98 (when "state court rejects a prisoner's federal claim without discussion, a federal habeas court must presume that the court adjudicated it on the merits unless some state-law procedural principle indicates otherwise"); *Lee v. Avila*, 871 F.3d 565, 567–68 (7th Cir. 2017) (state court decision was subject to deferential review where state court expressly addressed some, but not all of prisoner's claims) (*citing Johnson v. Williams*, 568 U.S. 289, 301 (2013)). Because the state court ruled on the merits of his claims, Fields can succeed on his habeas petition only if he shows that the court's denial of relief "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Gage v. Richardson*, 978 F.3d 522, 529 (7th Cir. 2020) (*quoting Richter*, 562 U.S. at 89).

**B.  Ineffective assistance claims**

The Wisconsin Court of Appeals correctly stated that to succeed on his ineffective assistance of trial counsel claims, Fields had to show both that his counsel's performance was deficient and that he was prejudiced as a result. *Fields*, 2018AP1800-CRNM, at *5. *See also Strickland v. Washington*, 446 U.S. 668, 687 (1984). The court concluded that Fields's ineffective assistance claims were meritless because he could not show any prejudice from any of the alleged defects in counsel's performance. I review the court's conclusion with respect to each of Fields's ineffective assistance claims below. I must deny relief so long as the state court "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Taylor v. Bradley*, 448 F.3d 942, 948 (7th Cir. 2006) (citation omitted).

### 1. Failure to challenge finding of probable cause at preliminary hearing

At the preliminary hearing held after Fields was arrested, a detective testified that Fields had walked up to an officer on the street and confessed to the shooting. Dkt. 1-4, at 4–5. The detective also testified that an eyewitness had seen Fields running toward the residence and firing a gun on the day of the shooting. *Id.* Based on the detective's testimony, the circuit court concluded that there was probable cause to believe that Fields had committed a felony, and Fields was bound over for trial.

Fields argues that the detective's testimony was false, and that his trial counsel should have challenged the testimony by calling a crime scene investigator who would have pointed out the impossibility of the eyewitness's statements. He also argues that the state violated his due process rights by allowing the detective to make false statements about the confession and about what the eyewitness had reported.

The Wisconsin Court of Appeals did not discuss Fields's arguments that his conviction should be vacated because the preliminary hearing violated his constitutional rights. However, it was reasonable for the court to reject the arguments because any error at the preliminary hearing would not be sufficient to invalidate Fields's conviction. It is well-established that an illegal arrest, preliminary hearing, or detention does not void a subsequent conviction. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) ("illegal arrest or detention does not void a subsequent conviction . . . [and] a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause"); *Stevenson v. Thurmer*, No. 08-CV-0494-BBC, 2009 WL 210694, at *1 (W.D. Wis. Jan. 28, 2009) ("[N]one of petitioner's claims regarding the conduct of his preliminary hearing, including his lawyer's failure to object to the hearsay evidence at the hearing and his failure to file an interlocutory

5

appeal afterwards, present colorable constitutional claims."). Fields was convicted after a jury trial, so even if the state presented false testimony at the preliminary hearing to which Fields's lawyer could have objected, the flawed preliminary hearing would not provide a basis to invalidate his subsequent conviction.

### 2. Failure to seek suppression of Fields's street confession

Two days after the shooting, Fields was arrested after he approached Officer Jonathan Jenkins, a forensic investigator, near the Milwaukee County courthouse. According to Jenkins's police report, Fields approached him and stated that he needed to turn himself in. Jenkins asked Fields, "What for?" Fields responded that he had killed someone, and Jenkins asked, "Well, who did you kill?" Fields replied, "I don't even want to say his name." Jenkins then asked, "Well, where and when did you kill him?" Fields said that he killed someone "a couple nights ago on Mineral St." Dkt. 1-5, at 3. Jenkins then conducted a patdown of Fields, placed him in handcuffs, called dispatch, and turned Fields over to police officers who responded. *Id.* Fields was taken to the police station, where he requested an attorney. *Id.* at 4.

Fields argues that trial counsel should have moved to suppress Fields's confession to Jenkins on the ground that Jenkins did not provide *Miranda* warnings. Under *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), police must read a series of warnings to suspects, including that the suspects have a constitutional right to remain silent and to have counsel present during the interrogation, before putting them through custodial interrogation. The Wisconsin Court of Appeals rejected Fields's *Miranda* claim in a footnote, stating that because Fields approached the police officer and confessed, there was no basis to suppress the confession. *Fields*, 2018AP1800-CRNM, at *8, n.10.

The Wisconsin Court of Appeal's conclusion is a reasonable application of *Miranda*. *Miranda* warnings are intended "to protect the individual against the coercive nature of custodial interrogation." *J.D.B. v. North Carolina*, 564 U.S. 261, 270 (2011). As such, the warnings are required only when an individual is both "interrogated" and "in custody." *Id.* "An interrogation is custodial when 'a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" *United States v. Littledale*, 652 F.3d 698, 701 (7th Cir. 2011) (*quoting Miranda*, 384 U.S. at 444). To establish that he was in custody at the time of questioning, a person must show that he was either "formally arrested" or "subjected to restraints of freedom such that the conditions of a formal arrest were closely approximated or actually attained." *United States v. Patterson*, 826 F.3d 450, 455 (7th Cir. 2016) (internal quotation marks omitted). A person who is "free to end the interrogation and leave is not in custody." *United States v. Higgins-Vogt*, 911 F.3d 814, 820 (7th Cir. 2018) (citation omitted). In contrast, "[w]hen police create a situation in which a suspect reasonably does not believe that he is free to escape their clutches, he is in custody." *United States v. Borostowski*, 775 F.3d 851, 860 (7th Cir. 2014). Relevant factors include: the location of the questioning; its duration; statements made during the interview; the presence or absence of physical restraints during the questioning; and the release of the interviewee at the end of the questioning. *United States v. Leal*, 1 F.4th 545, 549 (7th Cir. 2021).

The Wisconsin Court of Appeals reasonably concluded that Fields was not subject to a custodial interrogation at the time he confessed to Officer Jenkins. Fields approached Jenkins on a public street and voluntarily stated that he needed to turn himself in for killing someone. Jenkins asked clarifying questions regarding Fields's confession, but he did not attempt to arrest, restrain, or otherwise detain Fields until after Fields confessed. Jenkins did not threaten

Fields or tell him that he that was not free to leave, and Fields did not make any statements indicating involuntariness or coercion on his part. Based on these circumstances, the court of appeals reasonably concluded that Jenkins had no obligation under the Fifth Amendment to provide *Miranda* warnings to Fields.

### 3. Failure to impeach Officer Jenkins at trial

Officer Jenkins testified at trial that Fields had approached him and confessed to the shooting. He also stated that he had not been involved in the homicide investigation before Fields confessed to him. Dkt. 1-6. Fields argues that Jenkins's testimony was false, because police reports show that Jenkins took photographs of Fields's vehicle before it was impounded by police officers investing the homicide. *See* Dkt. 1-5, at 6 and Dkt. 1-7. Fields argues that trial counsel should have impeached Jenkins with evidence showing that he *had* been involved in the homicide investigation.

The Wisconsin Court of Appeals did not discuss counsel's cross-examination of Officer Jenkins specifically, but it concluded generally that counsel adequately cross-examined the state witnesses. *Fields*, 2018AP1800-CRNM, at *4 ("Each witness for the State was cross-examined by trial counsel and inconsistencies in their testimony and statements were explored."). The court of appeal's conclusion was reasonable as it relates to Officer Jenkins. Jenkins's prior involvement in Fields's case was minor. He took pictures of Fields's vehicle at the request of an investigating detective, but he was not otherwise involved in the investigation. Fields has identified no evidence showing that Jenkins knew that the vehicle was associated with Fields or a homicide investigation in which Fields was a suspect. Nor does Fields have any evidence suggesting that Jenkins had a reason to lie about Fields's confession. Therefore, the court of

8

appeals could have concluded reasonably that attempting to impeach Jenkins with his prior involvement in Fields's case would not be effective impeachment by trial counsel.

4. **Failure to impeach Kayla Gutsch**

Fields next argues that trial counsel should have impeached one of the state's witnesses, Kayla Gutsch, with evidence that she had a pending charge for harboring or aiding a felon, based on her hiding a gun that her boyfriend had used during a crime. *See State v. Gutsch*, 2015CF1025 Milwaukee County. Dkt. 4-2. Gutsh testified at Fields's trial that, on the day of the shooting, she saw Fields and the victim engage in a physical altercation, she saw Fields display a gun, she saw Fields and the victim run into Fields's apartment, she heard gunshots, and she saw Fields leave the residence and drive away.

The Wisconsin Court of Appeals concluded that Fields was not prejudiced by counsel's failure to impeach Gutsch with her pending criminal. The court explained that because Fields had confessed and because there were two other witnesses who testified to seeing many of the same events as Gutsch, there was no reasonable probability that Fields would have been acquitted had counsel impeached Gutsch with her pending criminal charge. *Fields*, 2018AP1800-CRNM, at *5–6.

The court's prejudice analysis was reasonable and persuasive. Even if defense counsel had impeached Gutsch with her pending charge, there is no reasonable probability that the jury would have had a reasonable doubt as to Fields's guilt.

5. **Failure to impeach Tyron Davis**

Another state witness, Tyron Davis, was in the residence above Fields's residence at the time of the shooting. He testified at trial that he heard gunshots and saw Fields leave the residence, with a gun, shortly thereafter. Fields argues that counsel should have impeached

9

Davis with the contradictory statements that he made to police during a 911 call and subsequent interview. (He also argues that the state had an obligation to point out inconsistencies in Davis's testimony.) Fields points to police reports that summarize Davis's statements in the 911 call and during interviews.

The Wisconsin Court of Appeals did not specifically discuss Fields's arguments about Davis's testimony or counsel's impeachment efforts. But it was reasonable for the court to reject the argument without discussion. Fields points to minor inconsistencies between Davis's trial testimony and Davis's alleged statements to the police as summarized by police officers in police reports. Fields was not prejudiced by trial counsel's, or the state's, failure to identify these minor inconsistencies. The most significant portions of Davis's testimony were corroborated by multiple other witnesses and Fields's own confession.

### 6. Failure to investigate the crime scene

Fields argues that if trial counsel had investigated the crime scene, counsel would have noticed the inconsistences between the police reports about details such as the location of the victim's identification card and shell casings. The Wisconsin Court of Appeals did not address this argument, but it is clear that the argument is meritless. Fields provides no reason why the location of the victim's identification card would matter to the jury's decision regarding his guilt, particularly in light of witness testimony and Fields's confession. In addition, counsel had access to all of the police reports to which Fields refers describing the location of shell casings. Fields identifies nothing in particular that counsel would have gained by visiting the crime scene that he could not discover by reviewing the police reports. Thus, Fields has not shown that he was prejudiced by his counsel's failure to investigate the crime scene.

## C. Trial court's postponement of Fields's trial

Fields argues that the trial court abused its discretion by granting a continuance to the state shortly before trial. Fields's evidence shows that the state requested a continuance because one of its witnesses, Tyron Davis, had moved out of state and had only recently contacted the prosecutor. Dkt. 1-8. The court postponed the trial after concluding that the state had not been negligent in trying to keep track of its witnesses. *Id.* at 4.

The Wisconsin Court of Appeals did not address this argument. But Fields's objection to the trial court's decision cannot provide a basis for federal habeas relief. As Fields concedes, the court's decision was within the court's discretion under state law. A federal habeas court cannot correct errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Arnold v. Dittmann*, 901 F.3d 830, 835 (7th Cir. 2018) ("[E]rrors of state law are not cognizable on habeas review.").

## D. Sufficiency of the evidence

Fields also argues that he is entitled to habeas relief because the evidence was insufficient to convict him of first-degree reckless homicide. In evaluating a sufficiency of the evidence challenge, courts ask: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Wisconsin Court of Appeals cited the correct standard when evaluating Fields's sufficiency of the evidence challenge, and it concluded that the direct and circumstantial evidence adduced at trial

11

permitted the jury to infer that Fields was guilty beyond a reasonable doubt. *Fields*, 2018AP1800-CRNM, at *4.

The court of appeals' analysis and conclusion were reasonable. The court discussed the consistent witness testimony, Fields's confession, and physical evidence from the shooting. Fields identifies nothing that would support a conclusion that the court's decision "was so lacking in justification," *Gage*, 978 F.3d at 529, or outside "the range of defensible positions," *Taylor*, 448 F.3d at 948, such that he could succeed on his petition.

### E.  Certificate of appealability

For the reasons discussed above, it plainly appears from the petition and attached exhibits that the Fields is not entitled to habeas relief. Therefore, I will dismiss Fields's petition without requesting a response from the state. The only remaining question is whether to grant Fields a certificate of appealability.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Fields has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established

federal law as decided by the Supreme Court. Because reasonable jurists would not debate whether a different result was required, I will not issue Fields a certificate of appealability.

ORDER

IT IS ORDERED that Petitioner Robbie Fields's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED. He is DENIED a certificate of appealability.

Entered November 8, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge